# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KIMBERLY DIANA NOEL,<br><br>　　　　　　　Defendant. | Case No. CR-20-004-JFH-001 |

## OPINION AND ORDER

The Court is in receipt of correspondence from Defendant, which the Court construes as a Motion for Early Termination of Defendant's Term of Supervised Release. Dkt. No. 906. Additionally, Defendant has, through counsel, filed a further Motion for Early Termination of Supervised Release. Dkt. No. 911. The Court finds that early termination of Defendant's supervised release is not warranted at this time, and Defendant's Motions are therefore denied.

On January 14, 2020, Defendant was charged by indictment with one count of drug conspiracy in violation of 21 U.S.C. §§846 and 841(a)(1) & 841(b)(1)(A), one count of money laundering in violation of 18 U.S.C. §§1956(h) & 1956(a)(1), and two counts of laundering monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) & (2). Dkt. No. 2. On August 6, 2021, Defendant pled guilty to one count of drug conspiracy, as charged in count one of the indictment. Dkt. No. 474.

On January 12, 2023, Defendant was sentenced to a term of imprisonment of 51 months, to be followed by a term of supervised release of five years; Defendant's sentence represented a substantial downward variance from the guideline recommended sentence. Dkt. No. 759. Defendant has been on supervised release for approximately fourteen months.

A district court's power to terminate or modify a term of supervised release is set forth in

18 U.S.C. §3583(e). A district court may terminate a period of supervised release – after one year has elapsed – if, after consideration of the factors set forth in 18 U.S.C. § 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court is satisfied that termination is "warranted by the conduct of the defendant released and the interests of justice." *See* 18 U.S.C. § 3583(e)(1); *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (unpublished); *cf. Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Whether to grant a motion to terminate a term of supervised release . . . is a matter of sentencing court discretion."); *United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021) (whether to terminate a term of supervised release rests in the district court's discretion).

Having considered the factors required by 18 U.S.C. §3583(e), the Court does not find that terminating Defendant's term of supervised release early is either warranted by Defendant's conduct or in the interests of justice.

To be sure, Defendant has thus far had no issues in serving her term of supervised release, and the Court has received positive commendations regarding Defendant, her stability and work ethic, and her strong relationships. Defendant's efforts to better herself are certainly to be commended, and the Court hopes that Defendant will continue those efforts. However, Defendant has thus far only done what is expected of her as an individual on supervised release, and she has been under supervised release for only 14 months – a relatively insubstantial period of time given the mandatory minimum five-year term imposed. Further, the Court would note that Defendant's term of supervised release was a substantial component of Defendant's sentence for her offense, given the downwardly variant prison sentence that Defendant received. As such, the Court is not inclined to lessen Defendant's term of supervised release for any but the most compelling of reasons.

Considering the nature and circumstances of Defendant's offense, the characteristics of the Defendant, and those factors set forth in 18 U.S.C. § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D), the Court finds that early termination of supervised release is not warranted at this time.

For the reasons stated herein, Defendant's Motions are denied.

IT IS THEREFORE ORDERED that Defendant's Motions for Early Termination of Supervised Release [Dkt. Nos. 906, 911] are DENIED.

Dated this 24th day of April 2025.

*/s/ John F. Heil, III*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE