**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KIMBERLY DIANA NOEL,**<br><br>**Defendant.** | **Case No. 20-CR-004-JFH-1** |

**OPINION AND ORDER**

Before the Court is Kimberly Diana Noel's Motion for Early Termination of Supervised Release ("Motion"). Dkt. No. 961. The United States of American ("Government") opposes Noel's Motion. Dkt. No. 965. For the following reasons, Ms. Noel's Motion is DENIED.

Ms. Noel originally pled guilty to one count of drug conspiracy in violation of 21 U.S.C. § 846, 841(a)(1), 841(b)(1)(A). Although the applicable United States Sentencing Guideline range provided for a term of imprisonment of 135 to 168 months, the Court departed downward based on the factors set forth in U.S.S.G. § 5k1.1 to an imprisonment range of 51 to 63 months. Dkt. No. 760. The Court then sentenced Ms. Noel to 51-months imprisonment followed by a five-year term of supervised release. Dkt. No. 759.

Ms. Noel began her supervised release on February 22, 2024. On July 28, 2026, approximately two and a half years into her term, Ms. Noel filed the current Motion requesting early termination of her supervised release. Dkt. No. 961. In support, Ms. Noel indicates she has complied with every condition of her supervised release, is employed as a store manager, has a stable home, and is focused on maintaining a positive and productive lifestyle.

However, the Government urges the Court to deny Ms. Noel's Motion. Dkt. No. 965. Specifically, the Government emphasizes Ms. Noel was a major participant in the drug conspiracy

for which she pled guilty; that she has a significant criminal history, including felony convictions for fraud to obtain aid, possession of controlled substance in prison, and conspiracy to commit a felony; that the Court sentenced her to a low-end guideline range of 51 months of imprisonment after departing from a 135 to 168 month guideline range; and that early termination would create sentencing disparities in this District. *Id.* at 5-6.

Ultimately, "[a] district court has authority to 'terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release,' so long as it considers the factors in § 3553(a) and the release is in the 'interest of justice.'" *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (quoting 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011)). After considering these factors, the Court finds that early termination of supervised release is unwarranted. Although the Court commends Ms. Noel for complying with the terms of her supervised release, "[c]ompliance with the conditions of supervised release is expected." *United States v. Hovey*, 745 F. Supp. 3d 1254, 1259 (D.N.M. 2024). Furthermore, Ms. Noel has only served two and half years of her five-year supervised release, which was a substantial component of her sentence. Finally, the Court finds no evidence that her supervised release is negatively impacting her rehabilitation.

Accordingly, the Court denies Ms. Noel's Motion *without prejudice*. Ms. Noel may move for early termination again once she has completed more of her supervised release. In the meantime, the Court encourages her to continue complying with the terms of her supervised release and building a stable career and community.

**IT IS SO ORDERED** this 17th day of August, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE